```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
CARMEN CUEVAS,

                    Plaintiff,
                                              MEMORANDUM & ORDER
         -against-                            10-CV-5257(JS)(WDW)

RUBY ENTERPRISES OF NEW YORK INC.
d/b/a PUNJABI KABOB HOUSE, SURINDER
KAUR, MANIDER KAUR, RAJVEER KAUR, and
BALWINDER SINGH,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:     Giustino ("Justin") Cilenti, Esq.
                   Peter Hans Cooper, Esq.
                   708 Third Avenue
                   New York, NY 10017

For Defendants:    Eliot F. Bloom, Esq.
                   114 Old Country Road, Suite 308
                   Mineola, NY 11501

                   Lance D. Simon, Esq.
                   The Law Offices of Anthony A. Capetola
                   2 Hillside Avenue, Building C
                   Williston Park, NY 11596
```

SEYBERT, District Judge:

Currently pending before the Court is Plaintiff Carmen Cuevas's ("Plaintiff") motion for attorneys' fees. For the following reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff commenced this action on November 15, 2010 against Defendants Punjabi Kabob House, Balwinder Singh, Ruby

Enterprises of New York Inc. d/b/a Punjabi Kabob House, Surinder Kaur, Manider Kaur, and Rajveer Kaur (collectively "Defendants") asserting claims for unpaid minimum wages, overtime pay, and "spread of hours" premium pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §§ 201, et seq., and New York Labor Law ("NYLL") §§ 190, et seq. Discovery took place over the course of approximately a year and a half until Magistrate Judge William D. Wall declared the case trial ready on July 18, 2012.

A five-day jury trial ultimately took place, and on January 30, 2013, the jury returned a verdict in favor of Plaintiff. The jury awarded Plaintiff $38,111.05 in unpaid minimum wages, overtime compensation, and "spread of hours" premium against Defendants Ruby Enterprises of New York Inc. and Balwinder Singh. (See Verdict Sheet, Docket Entry 82, Ct. Ex. 6.) The Court ordered Plaintiff to file his motion for attorneys' fees within thirty days of the jury's verdict. (See 1/30/13 Minute Entry, Docket Entry 80.)

Plaintiff timely filed his motion on February 28, 2013. (See Notice of Motion, Docket Entry 84.) Over one month later, Defendants requested a briefing schedule on the motion. (4/2/13 Ltr., Docket Entry 87.) Generously, this Court issued an Order to Show Cause, providing Defendants with the opportunity to explain their lengthy delay in seeking to oppose

the motion. (OTSC, Docket Entry 89.) Rather than appear before this Court, as the Order to Show Cause required, defense counsel, Eliot F. Bloom, Esq., filed a letter stating that he was out of town, that he was scheduled to begin trial, and that Defendant Balwinder Singh had been out of the country. (4/8/13 Ltr., Docket Entry 90.) Mr. Bloom's response was wholly insufficient and, as a result, the Court deemed Plaintiff's motion for attorneys' fees unopposed. (4/10/13 Order, Docket Entry 91.)

## DISCUSSION

Currently, Plaintiff seeks an award of $118,850 in attorneys' fees and $9,309.29 in costs. Plaintiff has also requested that liquidated damages be included in the judgment.

Initially, the Court notes that Plaintiff is entitled to reasonable attorneys' fees and costs. See Jemine v. Dennis, 901 F. Supp. 2d 365, 2012 WL 4482769, at *22 (E.D.N.Y. Sept. 28, 2012) ("Both the FLSA and New York's Labor Law allow for an award of 'reasonable' attorneys' fees." (citing 29 U.S.C. § 216(b) and N.Y. Lab. Law § 663(1))). Thus, the sole issue is the amount to be awarded. The Court will first set forth the general framework for deciding attorneys' fees motions before addressing Plaintiff's motion more specifically.

I. <u>Legal Framework</u>

"Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." <u>Alderman v. Pan Am. World Airways</u>, 169 F.3d 99, 102 (2d Cir. 1999). In determining what fees are "reasonable," the Court should "first calculate the 'lodestar--the product of a reasonably hourly rate and the reasonable number of hours required by the case,' which the Second Circuit calls the 'presumptively reasonable fee.'" <u>Short v. Manhattan Apartments, Inc.</u>, 286 F.R.D. 248, 255 (S.D.N.Y. 2012) (quoting <u>Millea v. Metro-N. R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011)). The Court may then "adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" <u>Millea</u>, 658 F.3d at 167 (quoting <u>Perdue v. Kenny A. ex rel. Winn</u>, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). This calculation "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." <u>Simmons v. N.Y.C. Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation omitted). "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." <u>Clarke v. Frank</u>, 960 F.2d 1146, 1153 (2d Cir. 1992).

II. Reasonable Hourly Rate

In determining the reasonable hourly rate, the Court must look to those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (internal quotation marks omitted)). The relevant "community" for the purposes of this analysis is "the district in which the court sits." Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

Here, Plaintiff is seeking $400 per hour for services performed by Justin Cilenti, Esq., $400 per hour for services performed by Peter H. Cooper, Esq., and $100 per hour for services performed by Maria Zuniga. The Court finds that these rates require some adjustment.

Courts in the Eastern District of New York have determined reasonable hourly rates to be "approximately $300-450 per hour for partners, $200-300 per hour for senior associates, and $100-200 per hour for junior associates." Hugee v. Kimso Apartments, L.L.C., 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (internal quotation marks and citation omitted); accord Cadles of Grassy Meadows II, L.L.C. v. St. Clair, No. 10-CV-1672, 2012 WL 6617448, at *2 (E.D.N.Y. Dec. 18, 2012) (collecting cases).

5

Thus, the rates charged by Mr. Cilenti and Mr. Cooper, while in the appropriate range, are on the somewhat higher end of the spectrum.

Mr. Cilenti is an experienced attorney and has been practicing for sixteen years. (Cilenti Decl. ¶ 13.) Similarly, Mr. Cooper has eighteen years experience in the field. (Cilenti Decl. at 4 n.1.) However, "[w]hile Mr. Cilenti has considerable experience as a litigator, his background is not as extensive as those 'highly experienced and impeccably credentialed' partners who 'have been awarded rates on the higher end of the attorneys' fee spectrum.'" Rosas v. Subsational, No. 11-CV-2811, 2012 WL 4891595, at *10 (E.D.N.Y. Sept. 11, 2012), adopted by 2012 WL 4866678 (quoting Ueno v. Napolitano, No. 04-CV-1873, 2007 WL 1395517, at *9 (E.D.N.Y. May 11, 2007)). Furthermore, "the nature of representation and type of work involved in a case are critical ingredients in determining the 'reasonable' hourly rate." Arbor Hill v. Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 522 F.3d 182, 184 n.2 (2d Cir. 2008). Though the case proceeded through trial, the issues were relatively straightforward and the case was not particularly complex. Accordingly, the Court finds that a rate of $350 an hour for Mr. Cilenti and Mr. Cooper's services to be reasonable. See Rosas, 2012 WL 4891595, at *10 (setting $350 an hour as a reasonable rate for Mr. Cilenti's work); Garcia v. Giorgio's Brick Oven &

6

Wine Bar, No. 11-CV-4689, 2012 WL 3339220, at *7 (S.D.N.Y. Aug. 15, 2012) (same), adopted by 2012 WL 3893537 (S.D.N.Y. 2012).

In addition, courts in this Circuit have generally found $75 an hour to be reasonable with respect to paralegal work. See Castellanos v. Deli Casagrande Corp., No. 11-CV-0245, 2013 WL 1207058, at *10 (E.D.N.Y. Mar. 7, 2013) (awarding $75 an hour for paralegal fees), adopted by 2013 WL 1209311 (E.D.N.Y. 2013); Gunawan v. Sake Sushi Restaurant, 897 F. Supp. 2d 76, 95 (E.D.N.Y. 2012) (same); Vazquez v. Ranieri Cheese Corp., No. 07-CV-0464, 2011 WL 554695, at *2 (E.D.N.Y. Feb. 7, 2011) (noting the usual range of $70 to $80 an hour for "legal assistants" in this district). As such, the Court will award fees for Ms. Zuniga's work at the rate of $75 an hour.

III. Reasonable Number of Hours

In calculating the number of "reasonable hours," the Court must look to its own familiarity with the case and its experiences generally as well as to any evidentiary submissions and arguments made by the parties. See Clarke, 960 F.2d at 1153. The main issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). Thus, a court should "exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation." Cho v.

7

Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

Here, Plaintiff seeks fees for a total of 285 hours spent by Mr. Cilenti, 3.1 hours spent by Mr. Cooper, and 36.1 hours spent by Ms. Zuniga. (See Cilenti Decl. ¶ 12.) First, 0.9 of those hours, billed by Ms. Zuniga, are attributable to conversations with witnesses that were never called to testify. This time is not the "type a reasonable client would be willing to pay for." Jemine, 2012 WL 4482769, at *24 (finding that client would not be willing to pay for time spent meeting with and calculating damages for plaintiffs whose claims were not included in the motion for damages). Accordingly, the Court subtracts 0.9 hours from Ms. Zuniga's total number of hours.

Second, because the amount of paralegal time was relatively minimal and "because no . . . junior associate worked on the case, some of the hours recorded for partner-level work are inflated." Garcia, 2012 WL 3339220, at *7. In particular, the Court notes the rather large number of tasks performed by Mr. Cilenti that would have been more appropriately assigned to a paralegal, such as general correspondence and scheduling with process servers, translators, and defense counsel's office. (See, e.g., Cilenti Decl. Ex. A, entries by Mr. Cilenti on 11/15/10, 3/25/11, 3/29/11, 4/18/11.) Similarly, services such as basic research and discovery responses could have been

8

provided by a more junior attorney. (See, e.g., Cilenti Decl. Ex. A, entries by Mr. Cilenti on 10/29/10, 3/29/11, 8/2/11.)

Thus, a reduction in the number of hours here is warranted. "In doing so, 'the court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." Jemine, 2012 WL 4482769, at *24 (quoting Kirsch v. Fleet Street Ltd., 148 F.3d 149, 173 (2d Cir. 1998)). Accordingly, the Court finds a ten percent reduction in the number of partner hours spent in this case to be appropriate. See Garcia, 2012 WL 3339220, at *7 (reducing Cilenti's hours by 10%).

As a result, the Court awards attorneys' fees in the amount of $93,391.50.[1]

IV. Costs

Plaintiff also seeks $9,309.29 in costs, primarily for expenses such as translators, copies, transcripts, and expenses related to trying the case. (Cilenti Decl. Ex. A at 24.) Successful plaintiffs in FLSA and NYLL cases are entitled to recover "identifiable, out-of-pocket disbursements." Jermine,

---

[1] The Court reached this figure by first reducing the total number of partner hours by ten percent (288.1 hours – 28.81 hours) and then multiplying the result (259.29 hours) by $350/hour for a total of $90,751.50. Next, the Court subtracted from Ms. Zuniga's hours the time spent regarding witnesses who did not testify (36.1 hours – 0.9 hours) and then multiplying the result by $75/hour for a total of $2,640.00. This led to a total figure of $93,391.50.

9

2012 WL 4482769, at *25 (internal quotation marks omitted). Having examined Plaintiff's delineation of costs, the Court finds them to be substantiated, and thus holds that Plaintiff is entitled to $9,309.29 in costs. See Jin v. Pac. Buffet House, Inc., No. 06-CV-0579, 2010 WL 2653334, at *5 (E.D.N.Y. June 25, 2010) (awarding costs that were substantiated and reasonable in FLSA case).

V. Liquidated Damages

Finally, Plaintiff reiterates his request that liquidated damages be included in the judgment. "Both federal and state law provide for an additional award of liquidated damages to a plaintiff who establishes that her employer has failed to pay required wages." Gunawan, 897 F. Supp. 2d at 90-91. Although there has been some debate as to whether a successful plaintiff may recover liquidated damages under both statutes, the general consensus in this Circuit is that the statutory provisions operate in different ways, and therefore a plaintiff may recover under both. Id. at 91.

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because the

10

violation in this case was willful, the liquidated damages provision applies to the three years prior to commencement of this action. See Santillan v. Henao, 822 F. Supp. 2d 284, 297 (E.D.N.Y. 2011). Here, the jury did not find a failure to pay minimum wage during those years. (Verdict Sheet, Ct. Ex. 6.) Thus, the relevant figures for purposes of calculating liquidated damages are those the jury awarded for unpaid overtime pay in the years 2010, 2009, and 2008--namely $2,900.00, $3,469.30, and $3,346.20 respectively. (Verdict Sheet, Ct. Ex. 6.) As such, the Court awards liquidated damages under the FLSA in the amount of $9,715.50.[2]

Under the NYLL, Plaintiff may recover twenty-five percent "of any underpayments for willful violations of the NYLL." Garcia, 2012 WL 3339220, at *4. Accordingly, Plaintiff may recover twenty-five percent of the total award of $38,111.05, or $9,527.76 in liquidated damages under the NYLL.

---

[2] Plaintiff's proposed judgment, Docket Entry 85, Ex. C, does not specifically explain how Plaintiff reached a figure of $15,888 for liquidated damages under the FLSA. However, it appears that Plaintiff included in his calculation not only the amounts awarded for overtime pay during the relevant years, but also amounts awarded for a "spread of hours premium." Such amounts, though, are not applicable to the FLSA. See Garcia, 2012 WL 3339220, at *5 ("Unlike the FLSA, the NYLL incorporates the 'spread of hours' premium for purposes of awarding liquidating damages.").

CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

The Clerk of the Court is directed to enter judgment in the amount of $38,111.05 in compensatory damages, $9,715.50 in liquidated damages under the FLSA, $9,527.76 in liquidated damages under the NYLL, $93,391.50 in attorneys' fees, and $9,309.29 in costs. The Clerk of the Court is further directed to mark this case as CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June 17, 2013
       Central Islip, NY